Judge Underwood
Delivered the Opinion of the Court.
The bill in this case was filed, by the appellees, for the purpose of coercing the specific execution of a contract made between'Nathaniel Sanders and Jacob Wyant, both of whom were dead at the institution of the suit: The appellees claimed the land under the heirs of Wyant. In the progress of the cause a supplemental bill was filed, from which it appears that the title was in Pi;entiss and Bouldin. The court rendered a decree directing Prentiss and Bouldin to convey the title to the complainants.
The decree must be reversed, with costs, because Prentiss and Bouldin were not' made parties to the suit by the service of process, actual or constructive.. After they were made defendants by the supplemental hill, an entry was placed in the order book to this effect:— u This day came the parties, by their attornies, and by consent, the answer of-Sanders’ heirs is to be taken and considered the answer' of Prentiss and Bouldin ; and the answer of George and Joshua Wyant to be taken and considered as the answer of Wyant’s, heirs.” The parties who thus consented could b.e those only who had been brought.before the court by service of process, or who had entered an appearance. • Prentiss and Bouldin and Wyant’s heirs, George- and Joshua excepted, were not before the court ; and, therefore, the foregoing order did not operate upon them. . And'hence it was erroneous'to make such an order the foundation upon which Prentiss and Bouldin' were directed to convejtheir title. It is absurd for the parties before the court-to undertake to enter into agreements affecting the *38 rights of those who are not before the court, and we cannot suffer such a practice to prevail.
The complainants had n<? cause of action, unless the' heirs of Wyant had sold them the land contracted for by their ancestor. The admission of George and Joshua that they had sold their interest to the complainants, did not prove that their co-heirs had likewise sold to the complainants; and George and Joshua had no authority to consent for their co-heirs that such was the fact.
The decree is reversed, with costs, and the cause remanded for proper parties and new proceedings.